## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**LARRY TOSE**                                                                                     **PLAINTIFF**

**vs.**                                          **CASE NO. 2:20-cv-00058-BSM**

**LIBERTY MUTUAL INSURANCE COMPANY**                                **DEFENDANT**

## AGREED PROTECTIVE ORDER

Upon the agreement of Plaintiff Larry Tose and Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), the Court finds as follows:

1. In the discovery phase of this case, Plaintiff asked Liberty Mutual to produce the entire claim file maintained by Defendant concerning the fire loss involved in this matter. Liberty Mutual requests the benefit of a protective order prior to producing these documents along with other similar documents and information it believes to be confidential information.

2. Pursuant to the Court's authority under Fed. R. Civ. P. 26(c), a protective order is hereby issued with regard to Confidential Material produced throughout discovery in this matter.

3. This Agreed Protective Order ("Order") shall govern the disclosure of the Confidential Material. "Confidential Material", as used in this Order, shall include any document or item designated by Liberty Mutual as "Confidential", including, but not limited to, documents or items produced during discovery, all copies thereof (including electronic copies), and the information contained in such material. Each individual document or item that Liberty Mutual believes to be part of the Confidential Material shall be individually marked as "Confidential" and/or "Subject to Protective Order."

4. The Confidential Material produced by Liberty Mutual shall not be disclosed by Plaintiff or their counsel to any persons other than the following:  1) the employees of Plaintiff's

counsel's law firm; 2) witnesses in this case who will be deposed or testify at trial; and 3) experts retained for the purpose of assisting counsel in trial preparation. All persons who receive the Confidential Material pursuant to this paragraph shall be advised of this Order prior to disclosure (and shall be subject to this Order). The Confidential Material shall not be disclosed to any other person/entity, nor shall the Confidential Material be made available to any person/entity other than those set forth in this paragraph. Plaintiff and Plaintiff's counsel shall utilize the Confidential Material for the purposes of this case only. The provisions of this Order shall not terminate at the conclusion of this action.

5. Within 30 days of the conclusion of this case (including any appeal), counsel for Plaintiff shall destroy all copies of the Confidential Material in his possession (as well as all copies in possession of Plaintiff). To the extent that Plaintiff's counsel provided a copy of the Confidential Material to any person identified in paragraph 4, said person shall return all copies of the Confidential Material to Plaintiff's counsel (it shall be the responsibility of Plaintiff's counsel to ensure the return of Confidential Material from any person identified in paragraph 4 to whom Plaintiff's counsel has provided Confidential Material), who shall destroy the Confidential Material within the 30 day time period set forth above. To the extent that the Confidential Material is stored in an electronic form by Plaintiff, Plaintiff's attorney, or witnesses (as well any other person/entity who receives the Confidential Material from Plaintiff or Plaintiff's counsel), said documents shall be erased and/or deleted within the 30 day time period.

6. Any motion, pleading, exhibit or other document filed with the Court containing the Confidential Material (or any portion thereof) shall be filed under seal.

7. Should this matter go to trial, the Confidential Material shall be admitted under seal (and kept out of the public record), unless the Court orders otherwise.

9. This Order does not constitute a finding that the Confidential Material is relevant or otherwise admissible at trial. This Order does not constitute a finding that any party has waived any objections to the authenticity, confidentiality, relevance or other objections to the admissibility of the Confidential Material at trial; nor does it constitute a finding that Liberty Mutual has waived any objections to the production of the same or similar information which may be sought in other litigation or proceedings. This Order does not constitute a ruling that Liberty Mutual is required to fully comply with any particular discovery request. Instead, this Order is simply intended to protect the Confidential Material that is produced.

IT IS SO ORDERED this 29th day of July, 2020.

_____
U.S. District Judge Brian S. Miller

Prepared by:
Stuart P. Miller, Counsel for Defendant
MITCHELL, WILLIAMS, SELIG
GATES & WOODYARD, P.L.L.C.

Approved:

_____  7/9/20
David Hodges, Counsel for Plaintiff

_____  7/9/20
Phillip Allen, Counsel for Plaintiff